## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-19-684** |
| | § | |
| **JAMES ARTHUR CAMP,** | § | |
| **Defendant** | § | |

### <u>PLEA AGREEMENT</u>

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and John Braddock, Assistant United States Attorney, and Defendant, James Arthur Camp, and Defendant's counsel, pursuant to Rule **11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.     Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with wire fraud, in violation of Title 18, United States Code, § 1343.  Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2.     The **statutory** maximum penalty for each violation of Title 18, United States Code, § 1343, is a term of imprisonment of not more than twenty (20) and a fine of not more than $250,000.00.  If there is a pecuniary gain from the offense or if there is a pecuniary loss to someone other than the Defendant from the offense, the Defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. Title 18, United States Code, Section 3571(e). Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. Title 18, United States Code, §§ 3559(a) and 3583(b).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.     Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.  The payment will be by cashier's check or money order payable to the

Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## The United States' Agreements

5.     The United States agrees to each of the following:

(a)     At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.);

(b)     If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1) level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense;

(c)     The United States agrees that it will not request a sentence above the low end of the applicable Sentencing Guideline range.

(d)     The United States agrees that it will dismiss the remaining counts

of the Indictment pending against Defendant after he is sentenced on Count One.

**Agreement Binding - Southern District of Texas Only**

6.    The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment.   This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.  It does not bind any other United States Attorney.  The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

**United States' Non-Waiver of Appeal**

7.    The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines.  Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a).

**Sentence Determination**

8.    Defendant  is  aware  that  the  sentence  will  be  imposed  after

consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### Rights at Trial

9.      Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance.  Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and

other evidence against Defendant.    Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if Defendant desired to do so, he could testify in his own behalf.

## Factual Basis for Guilty Plea

10.    Defendant is pleading guilty because he is guilty of the charges contained in Count One of the Indictment.  If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Defendant **James Arthur Camp** began employment with The Lubrizol Corporation (Lubrizol) in 1976. Defendant was a chemist who worked in the effluent unit of Lubrizol's plant Deer Park, Texas until he retired in 2017.

After Defendant retired, Lubrizol reviewed charges for laboratory services at its Deer Park, TX plant. Lubrizol discovered Bay Area Analytical, which had been invoicing Lubrizol for laboratory services prior to Defendant's retirement was the assumed business name of a business set up by Defendant **James Camp.** Lubrizol learned that prior to Defendant's retirement he emailed another Lubrizol employee and advised that Bay Area Analytical was ceasing operations. Lubrizol also discovered that Applied Aquatics, which had billed Lubrizol for laboratory services from April 22, 1998 through April 24, 2013, was the assumed name of another business set up by Defendant **James Camp**. Lubrizol's review determined that Bay Area Analytical and Applied Aquatics had billed Lubrizol over $9.6 million for laboratory services between approximately 1998 and 2017. From its internal

6

investigation, Lubrizol believed that neither of these companies had performed any laboratory services for Lubrizol and that Defendant **James Camp** had embezzled this money from Lubrizol.

Lubrizol retained the law firm of Vinson & Elkins to file a restraining order against Defendant **Camp** to prevent him from dissipating or secreting his assets in anticipation of obtaining a civil judgment against Defendant in the lawsuit Lubrizol had filed against Defendant in Harris County, Texas. Vinson & Elkins took Defendant **Camp's** deposition on March 7, 2019. In that deposition, Defendant **Camp** admitted he had defrauded Lubrizol by submitting fraudulent invoices from both Bay Area Analytical and Applied Aquatics for laboratory services, which were never performed.

An attorney representing Lubrizol contacted the United States Attorney's Office in Houston, TX on January 17, 2019, concerning embezzlement by Defendant **James Camp.** After that referral, the FBI began an investigation. The FBI  investigation determined that as to some of the fraudulent invoices from Bay Area Analytical submitted to Lubrizol by Defendant **Camp** he did so by inputting those invoices into Lubrizol's accounting system at Lubrizol's plant in Deer Park, TX. That information was then transmitted electronically from Deer Park, TX to Wycliffe, Ohio, where Lubrizol's headquarters are located. Lubrizol then bundled those fraudulent invoices together for payment to Bay Area Analytical's bank account. Among those fraudulent laboratory charges from Bay Area Analytical was one in the amount of $2,774.06, invoice # 22782, dated 08/25/2015. Defendant **Camp** inputted this fraudulent charge for laboratory services from Bay Area Analytical from into Lubrizol's accounting system on 10/05/2015, causing it to be transmitted electronically from Deer Park, Texas to Lubrizol's headquarters in Wycliffe, Ohio on the same day. That fraudulent charge was then bundled with other fraudulent laboratory charges from Bay Area Analytical submitted by Defendant **Camp** and paid by Lubrizol through an electronic funds transfer to Bay Area Analytical's bank account at J P Morgan Chase Bank in the amount of $12,294.23 on or about October 16, 2015.

As a result of the fraud committed by the Defendant against Lubrizol, Lubrizol suffered a loss of $9,641,436.54.

## Breach of Plea Agreement

11.    If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines

12.    This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which he has any financial interest.  Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

13.    Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial

information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

14.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

15.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

16.     Defendant agrees to pay full restitution to the victim regardless of the count of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim incurred a monetary loss of at least $9,641,436.54. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court

9

will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

17.     Defendant stipulates that he obtained at least $9,641,436.54 from the criminal offense and agrees that the factual basis for his guilty plea supports the forfeiture of $9,641,436.54. Defendant agrees to the imposition of a personal money judgment against him and in favor of the United States in an amount of not more than $9,641,436.54. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, § 853(p) exists. Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied. The United States Office for the Southern District of Texas agrees to request that the Money Laundering and Asset Forfeiture Section ("MLARS") of the Department of Justice approve restoration of any forfeited property to the victim of the criminal offense, up to the full amount of the restitution debt. MLARS will consider the request in accordance with its rules and regulations. Any funds from the forfeited property that are actually paid to the victim listed on the Court's restitution order will be credited against the Defendant's restitution obligation.

18.     Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

19.     Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

20.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

21.     This written Plea Agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel.  No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement.  Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

11

22.   Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on the _____ June 4 _____, 2020.

James Arthur Camp
Defendant

Subscribed and sworn to before me on the _____ June 4 _____, 2020.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK
United States Attorney

By: _____          _____
John R. Braddock                                     Joshua Lake
Assistant United States Attorney              Assistant Federal Public Defender
Southern District of Texas                       Attorney for Defendant
Telephone: 713-567-9728
Facsimile: 713-718-3404

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-19-684** |
| | § | |
| **JAMES ARTHUR CAMP,** | § | |
| **Defendant** | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Criminal Information. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____     6/4/20
Attorney for Defendant          Date

13

I have consulted with my attorney and fully understand all my rights with respect to the Criminal Information pending against me.   My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney.  I understand this Agreement and I voluntarily agree to its terms.

_____          06/04/2020
Defendant                          Date

14